IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| OXBOW LAND HOLDINGS, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>ARCO/MURRAY NATIONAL CONSTRUCTION COMPANY, INC., a Delaware corporation,<br><br>    Defendant. | CV 24-93-BU-JTJ<br><br>MEMORANDUM AND ORDER |

## I.  INTRODUCTION

Plaintiff Oxbow Land Holdings, LLC, (Oxbow) has filed a Complaint against ARCO/Murray National Construction, Inc., (ARCO) seeking damages based upon the following causes of action: Count I: Breach of Contract; Count II: Breach of Covenant of Good Faith and Fair Dealing; Count III: Fraud; Count IV: Constructive Fraud; and Count V: Declaratory Judgment. (Doc. 1) The Complaint centers around a Construction Agreement (Agreement) whereby Oxbow contracted with ARCO to construct a large apartment complex in Bozeman, Montana.  ARCO filed an Answer and Counterclaim that includes the following counterclaims: Count One: Arbitration; Count Two: Breach of Covenant of Good Faith and Fair

1

Dealing; Count Three: Foreclosure of Lien; Count Four: Unjust Enrichment/Quantum Meruit; and Count Five: Breach of Montana Prompt Pay Act. (Doc. 6)

ARCO filed the present motion to compel arbitration and stay proceedings contending that Section 17.8 of the Agreement requires the parties to engage in arbitration regarding the Oxbow's payment obligations to ARCO. (Doc. 8) Oxbow opposes the motion contending the dispute involves the application of the Agreement's liquidated damages provision (Article 8) and the application and calculation of liquidated damages is not a payment dispute requiring arbitration as contemplated by the Agreement. (Doc. 11)

## II.     **LEGAL STANDARD**

The Federal Arbitration Act (FAA) governs arbitration agreements related to interstate commerce. 9 U.S.C. § 2; *Southland Corp. v. Keating*, 465 U.S. 1, 10-17 (1984); *Zigrang v. U.S. Bancorp Piper Jaffray, Inc.*, 123 P.3d 237 (Mont. 2005). The Montana Uniform Arbitration Act (MUAA) governs arbitration agreements subject to Montana law but not subject to the FAA. Mont. Code Ann. §§ 27-5-111 and 114(1).  Under both Acts, a written contract or contract provision by which the parties agree to resolve a future controversy by arbitration is valid and enforceable except upon grounds as exist at law or in equity for the revocation of contracts. 9 U.S.C. § 2; Mont. Code Ann. § 27-5-114(2).

2

In determining the threshold question of whether a dispute is subject to arbitration, state and federal courts distinguish between two types of arbitrability — substantive arbitrability and procedural arbitrability. *John Wiley & Sons, Inc., v. Livingston*, 376 U.S. 543, 557-59 (1964). Substantive arbitrability is the gateway question of whether a party agreed to arbitrate a particular dispute or type of dispute. *Howsam v. Dean Witter Reynolds*, Inc., 537 U.S. 79, 84 (2002). Substantive arbitrability involves two distinct considerations — whether the parties formed a valid and enforceable agreement to arbitrate and whether the terms of the arbitration agreement require arbitration of the particular matter or type of matter at issue. *Id*. Except as clearly and unequivocally otherwise provided by contract, the question of whether an issue is substantively arbitrable is a threshold question for judicial determination. *Id*.

### III. DISCUSSION

#### A. Arbitration

Oxbow does not dispute that the parties agreed to arbitrate certain matters governed by the Agreement in accordance with the MUAA. Therefore, the only issue before the Court is whether the Agreement requires arbitration of the claims set forth in Oxbow's Complaint. ARCO contends that Oxbow's withholding of liquidated damages, thereby failing to "pay" them for the work they completed, clearly

constitutes a dispute subject to arbitration as contemplated by Section 17.8 which provides:

> ***If Contractor believes that Owner has breached Owner's payment obligations to Contractor under this Agreement***, or if any other dispute that this Agreement expressly states may be resolved by arbitration pursuant this Section 17.8, ***then Owner and Contractor agree that the Claim will be resolved by an individual arbitration conducted in accordance with Montana's Uniform Arbitration Act*** (Title 27, Chapter 5 Montana Code) (the "Arbitration Act"); provided that (1) there will be only one arbitrator, (2) any in-person hearings will be held in Bozeman, Montana, (3) parties and witnesses may appear telephonically or by video technology, and (4) the arbitrator's fees and costs will be shared between Owner and Contractor equally. Unless Owner and Contractor agree on an arbitrator, the arbitrator will be as appointed under the Arbitration Act at the request of either party.

(Doc. 1, Ex. A) (emphasis added)

Oxbow contends that the application and calculation of liquidated damages is subject to Section 8 of the Agreement and that the Owner's payment obligation is distinct from its contractual right to liquidated damages for ARCO's failure to timely deliver a Project. (Doc. 11, p. 8)  Oxbow contends that a payment dispute is a dispute regarding the "performance of an obligation by the delivery of money or some other valuable thing."  Thus, Oxbow contends, while both arise out of contractual disagreements, liquidated damages and payment disputes address fundamentally different issues: one being stipulated damages for breach, while the other being the timing, sufficiency, or mechanism of payment under the Agreement. (Id.)

4

ARCO counters that Oxbow admits it is withholding payments from ARCO based upon its claim of liquidated damages and that ARCO has filed a counterclaim demanding payment. (Doc. 14, p. 2). Therefore, ARCO argues that the current dispute does directly concern Oxbow's payment obligations, which ARCO believes Oxbow has breached by improperly alleging a claim to liquidated damages. Accordingly, there can be no question the dispute falls within Section 17.8's arbitration requirement. (Id.)

In resolving the question of whether a dispute between the parties is subject to arbitration pursuant to the terms of an agreement, the Court looks to the following general principles of contract construction:

> When interpreting a contract according to principles of federal common law, the courts look to "general principles for interpreting contracts." Under the general principles of contract interpretation, "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself."
>
> A written contract must be read as a whole and every part interpreted with reference to the whole. Preference must be given to reasonable interpretations as opposed to those that are unreasonable, or that would make the contract illusory. The fact that the parties dispute a contract's meaning does not establish that the contract is ambiguous; it is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation.

*Indoor Billboard Northwest Inc. v. M2 Systems Corp.*, 922 F.Supp.2d 1154, 1161 (D. Or. 2013) (internal citations omitted).

Applying these general contract principles to the Agreement, the Court determines whether Section 17.8 requires arbitration turns on whether "[ARCO] believes that [Oxbow] has breached [Oxbo's] payment obligations to [ARCO] under this Agreement." There is no doubt that ARCO holds such a belief. Therefore, this action is subject to the Agreement's arbitration provision under the ordinary meaning of the words the parties chose to use in Section 17.8. Further, Oxbow's attempt to distinguish its withholding payment to ARCO as liquidated damages from its obligation to pay ARCO for its services under the Agreement as not constituting a payment dispute is unpersuasive. Both involve what amount, if any, Oxbow owes to ARCO under the payment obligation the Agreement imposes upon Oxbow.

### B. Attorney Fees

State law determines whether ARCO is entitled to attorney fees, and federal law governs the procedure for requesting an award of attorney fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Montana follows the American Rule which provides that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision. *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 655 (Mont. 2003).

ARCO relies upon Section 17.6 of the Agreement as the basis for its request for an award of attorney fees. This section provides "In the event of any litigation

6

between the parties arising from or related to this Agreement (whether sounding in tort, contract or otherwise) ***the prevailing party*** will be entitled to receive from the other party reasonable litigation costs, including attorneys' fees, court costs, expert witness fees and related costs of the action and any appeal." (Doc. 1, Ex. A) (emphasis added)

The controlling issue is whether ARCO successfully obtaining an order compelling arbitration renders it as "the prevailing party" under Section 17.6. The Court is persuaded by the reasoning of those courts that have concluded that such an award is improper because an order compelling arbitration, being merely a preliminary procedural order that is not on the merits and does not materially alter the legal relationship of the parties, does not make the litigant obtaining the order a prevailing party for purposes of an attorney fee award. *Perry v. North Central Univ., Inc.*, 2012 WL 1753014, at *2 (D. Ariz. May 16, 2012); *Foot Solutions, Inc. v. Washio*, 2009 WL 4261213, at *2 (N.D. Ga. Nov.24, 2009); *Frazier v. Johnson*, 2009 WL 331372, at *2 (M.D. Fla. Feb.10, 2009); *Gossett v. Porsche Cars North America, Inc.*, 2006 WL 3007384, at *2 (D.S.C. Oct. 20, 2006). Because ARCO has only prevailed on a procedural matter and has not prevailed on the merits, an award of attorney fees under Section 17.6 would be improper.

## IV.  CONCLUSION

For the reasons stated above, ARCO's Motion to Compel Arbitration and Stay

Court Proceedings (Doc. 8) is **GRANTED** and ARCO'S request for attorney fees is **DENIED**.

Therefore, the Court **ORDERS** the parties to arbitrate their dispute in accordance with Section 17.8 of the Agreement.  The Court further **ORDERS** that proceedings in this action are stayed pending completion of arbitration.  Finally, the Court ORDERS that ARCO's request for attorney fees is denied.

DATED this 4th day of December 2024.

_____
John Johnston
United States Magistrate Judge